THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CYNTHIA BURNEY, Individually as Surviving Daughter and as Administrator of the Estate of DAVID BURNEY,<br><br>　　　　Plaintiff,<br><br>v.<br><br>4373 HOUSTON, LLC, d/b/a MACON MANOR NURSING AND REHABILITATION CENTER; HCPIII MACON, INC. d/b/a MACON MANOR NURSING AND REHABILITATION CENTER; and TRANSHEALTHCARE, INC., f/k/a INTEGRATED HEALTH SYSTEMS, INC., d/b/a MACON MANOR NURSING AND REHABILITATION CENTER,<br><br>　　　　Defendants. | Civil Action<br>No. 5:05-cv-255 (CAR) |

## ORDER ON MOTION TO REMAND

This case is before the Court on Plaintiff's Motion to Remand (Doc. 4). Plaintiff originally filed her Complaint in the Superior Court of Bibb County, alleging causes of action for wrongful death, violations of Georgia's Bill of Rights for Residents of Long-term Care Facilities, Negligence Per Se, and Punitive Damages. The case was removed to this Court on July 29, 2005, pursuant to the removal provisions of 28 U.S.C. §§ 1441 and 1446 and the federal question jurisdiction of 28 U.S.C. § 1331. Upon review of Plaintiff's well-pleaded complaint, the Court finds that it lacks

1

subject matter jurisdiction over the action and that it must be remanded to the Superior Court of Bibb County.  Accordingly, the Motion to Remand is hereby **GRANTED**.

Remand is required because there is no federal question stated in the Complaint sufficient to give this Court subject matter jurisdiction.  Removal is permitted only where the case could have been filed in federal court originally.  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  The burden is on the party seeking removal to demonstrate that such jurisdiction exists.  Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1281 n. 5 (11th Cir. 2001).  Where the removing party asserts federal question jurisdiction, it must appear on the face of the plaintiff's properly pleaded complaint that a federal question is presented.  Dunlap v. G & L Holding Group, Inc., 381 F.3d 1285, 1290 (11th Cir. 2004).  In this case, the Complaint states only causes of action that arise under Georgia law.  The reference to a federal regulation in Count Three of Plaintiff's Complaint, as an element of Plaintiff's negligence *per se* claim, is insufficient to create a federal question or to give this Court jurisdiction over the matter.

Directly applicable precedent in both the Eleventh Circuit and the United States Supreme Court controls the outcome of this case.  In Jairath v. Dyer, 154 F.3d 1280 (11th Cir. 1998), the Court of Appeals held that the district court lacked jurisdiction over a claim of negligence *per se* under Georgia law, even though the duty which served as a basis for the claim was created by the federal Americans with Disabilities Act.  In reaching its decision, the court relied upon Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), which also dealt with a state tort claim that adopted a duty imposed by a federal statute, the Food, Drug, and Cosmetic Act.  In that case the Supreme Court likewise held that

> a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause

of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.'

Id., at 817 (quoting 28 U.S.C. § 1331).

In this case, as in Merrell Dow and Jairath, Plaintiff's state tort claim incorporates a duty from a federal law which itself provides no private, federal cause of action. Plaintiff claims that her father died as a result of severe bed sores that became infected while he was a resident of a long-term health care facility operated by Defendants. In Count Three of the Complaint, she alleges that Defendants breached a legal duty by failing to comply with the requirements of Georgia's Bill of Rights for Residents of Long-term Care Facilities (O.C.G.A. § 31-8-100, *et seq.*) and with a federal regulation on requirements for long-term care facilities (42 C.F.R. § 482.25). That regulation, promulgated under the Medicare and Medicaid Acts (42 U.S.C. §§ 1395, 1396) requires a long-term care facility to ensure that

> (1) A resident who enters the facility without pressure sores does not develop pressure sores unless the individual's clinical condition demonstrates that they were unavoidable; and
> (2) A resident having pressure sores receives necessary treatment and services to promote healing, prevent infection and prevent new sores from developing.

42 C.F.R. § 482.25.

In a separate Motion to Dismiss, Defendant 4373 Houston LLC (hereafter "Defendant") correctly observes that Congress did not create a private right of action when it enacted the Medicare and Medicaid Acts and authorized their accompanying regulations. The intent of Congress in passing the Medicare and Medicaid Acts is thoroughly analyzed by the district court in Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322 (N.D. Ga. 2000), a case on which Defendant relies in its Motion to Dismiss. The district court's reasoning in Brogdon is persuasive, and this Court need not repeat its analysis in this case. Certain reasoning in the Brogdon decision is particularly

relevant to this case, however. In reaching its conclusion, the Brogdon court recognizes that states may incorporate provisions of federal law such as the Medicare and Medicaid Acts into state standards of care without giving rise to a federal question:

> The Legislature and courts of the State of Georgia are empowered to determine applicable professional standards of care within this State. If these standards of care reflect or incorporate federal Medicaid and Medicare participation requirements--or even the standard of care applied in a foreign country--neither the principle of federalism nor the principle that foreign governments cannot legislate for the citizens of the State of Georgia are offended. In other words, the content of the applicable standard of care is simply a matter of state law.

Id. at 1342-43. In the federal system, states are authorized to adopt standards from federal law and incorporate them into state-law causes of action.

In this case, whether a failure to comply with the requirements of 42 C.F.R. § 482.25 constitutes negligence *per se* under Georgia law is simply a matter of state law. The State of Georgia may apply its own law "to examine the purposes of the [regulation] and decide (1) whether the injured person falls within the class of persons it was intended to protect and (2) whether the harm complained of was the harm it was intended to guard against." Horney v. Panter, 420 S.E.2d 8, 10 (Ga. Ct. App. 1992). Because standards of care for medical professionals are "an archetypal local interest" (Brogdon, 103 F. Supp. 2d at 1340), there is no requirement that the federal regulation be incorporated uniformly into each state's tort law. Even though Plaintiffs refer to a federal regulation as part of their negligence *per se* claim, it arises purely under state law and does not present a federal question.

Defendant's reliance on Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, ___ U.S. ___, 125 S.Ct. 2363 (2005), is misplaced. Whereas the present case is directly comparable with Merrell Dow, it is readily distinguished from Grable. The dispute in

Grable arose in the context of a state law action to quiet title.  At issue was the validity of a federal tax sale, and the central question was whether the IRS had given adequate notice of the seizure of the property pursuant to provisions of the federal tax code.  The Supreme Court determined that the construction of the federal statute was the central issue in the case, and found that the construction of that statute in a quiet title action implicated the federal government's strong interest in the "prompt and certain collection of delinquent taxes."  Id., 125 S.Ct. at 2368 (quoting United States v. Rodgers, 461 U.S. 677, 709 (1983).

Comparing the case to Merrell Dow, the Grable Court specifically distinguished the treatment of a federal tax statute that determined the validity of a federal tax sale from "the treatment of federal violations generally in garden variety state tort law," including state tort proceedings in which "[t]he violation of federal statutes and regulations is commonly given negligence per se effect."  Id., 125 S.Ct. at 2370 (quoting *Restatement (Third) of Torts* (proposed final draft) § 14, Comment *a*).  This case is just such a "garden variety state tort law" case.  Principles of federalism require that in such cases, state law may incorporate and interpret federal regulations according to state interests and consistent with state law.

Defendant has failed to show that this case arises under the Constitution, laws, or treaties of the United States.  It is apparent from the face of Plaintiffs' well-pleaded complaint that this case concerns questions of purely state law.  In the absence of a federal question, this Court lacks subject-matter jurisdiction to hear the case.  Accordingly, the Clerk of Court is hereby instructed to close the case and remand it to the Superior Court of Bibb County.

**SO ORDERED**, this the 24th day of October, 2005.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL
> United States District Judge